Hearing Date and Time: July 20, 2022 at 3:00 p.m.
Objection Deadline: July 13, 2022 at 4:00 p.m.

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for 32 W. 39th Street Sole Member LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| PAYAM, INC., | : | Case No.: 22-10870 (mg) |
| Debtor. | : | |

**NOTICE OF LANDLORD'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT LANDLORD TO CONTINUE HOLDOVER PROCEEDING**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the motion (the "Motion") of 32 W. 39th Street Sole Member LLC ("Landlord"), pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, for relief from the automatic stay to continue its prepetition state court action to recover possession of the Leased Premises (defined in the Motion) and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, shall be held before the Honorable Martin Glenn, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004, on **July 20, 2022 at 3:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held via Zoom for Government. Parties wishing to appear at the Hearing must make an eCourt Appearance for the hearing by 4:00 p.m. the business day before the Hearing. Instructions for making an eCourt

Appearance can be found at https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn under the "Zoom Hearings" and "eCourt Appearances" tabs.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court, and shall be served upon (a) counsel for Landlord, Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001 (Attn.: Paul A. Rubin); and (b) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than **July 13, 2022 at 4:00 p.m.**(the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
       June 30, 2022

                                        RUBIN LLC

                                        By:  */s/ Paul A. Rubin*
                                             Paul A. Rubin

                                        345 Seventh Avenue, 21st Floor
                                        New York, New York 10001
                                        Tel: 212.390.8054
                                        Fax: 212.390.8064
                                        prubin@rubinlawllc.com
                                        hhuynh@rubinlawllc.com

                                        *Counsel for 32 W. 39th Street Sole Member LLC*

Hearing Date and Time: **July 20, 2022 at 3:00 p.m.**
Objection Deadline: **July 13, 2022 at 4:00 p.m.**

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for 32 W. 39th Street Sole Member LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PAYAM, INC., | Case No.: 22-10870 (mg) |
| Debtor. | |

**LANDLORD'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO PERMIT LANDLORD TO CONTINUE HOLDOVER PROCEEDING**

32 W. 39th Street Sole Member LLC ("Landlord"), by and through its undersigned counsel, hereby files this motion (the "Motion"), pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), for relief from the automatic stay to continue its prepetition state court action to recover possession of the Premises (defined below) and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Motion, Landlord respectfully represents as follows:

**PRELIMINARY STATEMENT**[1]

1.  This Debtor has not paid rent to Landlord since March 2020, accumulating almost *$800,000* in rent arrearages. The Debtor caused numerous summonses to be issued against it for

---

[1] Capitalized terms not defined in the Preliminary Statement have the meaning ascribed to them below.

violations at the Premises (with at least nine violations remaining unpaid). In the Holdover Proceeding, the Debtor entered into the Stipulation, so-ordered by the State Court, agreed to vacate the Premises by no later than May 31, 2022, and waived any and all defenses, rights to contest a judgment of possession, the right to seek to extend the stay of execution of the warrant of eviction, or to appeal from the Stipulation. Nevertheless, the Debtor refused to vacate the Premises by the agreed-upon May 31, 2022 deadline. When the date (June 14, 2022) arrived for the marshal to execute the warrant of eviction, the Debtor asked the State Court to enter an order to show cause that would impose a TRO further extending the stay of execution of the warrant of eviction. The State Court declined that request, citing the provisions in the Stipulation whereby the Debtor waived its defenses and agreed not to contest the judgment of possession or seek to extend the stay of execution of the judgment or warrant of eviction. The Debtor then resorted to filing this chapter 11 case.

2.      Landlord respectfully submits that there is sufficient cause to grant Landlord relief from the automatic stay to pursue its rights and remedies in connection with the Premises. A warrant of eviction has already been issued and, importantly, the Debtor has already agreed not to contest the judgment of possession or the warrant of eviction. The State Court has already enforced that Stipulation. The events leading up to the filing of this chapter 11 case demonstrate that this is a two-party dispute and that the Debtor filed its bankruptcy petition merely to obtain a temporary delay of the inevitable—execution of the warrant of eviction. The stay should be lifted to return the parties to State Court to complete the Holdover Proceedings, including the execution of the warrant of eviction and Landlord's recovery of possession of the Premises.

**BACKGROUND**

3.      Landlord is the owner and landlord of the premises known as Store #1 located at 32 West 39th Street, New York, New York 10018 (the "Premises").

2

4. The Debtor was a tenant of the Premises pursuant a lease dated July 1, 2008 (together with any riders, supplements, and amendments, the "Lease"). A copy of the Lease is annexed as Exhibit A to the accompanying Declaration of Aron Rosenberg in support of the Motion, filed contemporaneously herewith (the "Rosenberg Declaration"). The Debtor operated a restaurant at the Premises.

5. Articles 5, 6, and 31 of the Lease required the Debtor to (i) remedy any violations issued by the City of New York; (ii) comply with all laws, rules and regulations regarding the use and occupancy of the Premises; and (iii) not cause there to be any garbage in front of the Premises and to immediately pay all fines levied by the New York City Department of Sanitation. *See* Lease, Rider Art. 5, 6 & 31.

6. In February through August 2021, the New York City Department of Sanitation and Fire Department issued several summons against the Debtor for its violations at the Premises, and the New York City Fire Department issued a violation for failure to comply with certain fire safety inspections. These violations, which Debtor failed to remedy, resulted in the Debtor's defaults under the Lease. On or about September 20, 2021, Landlord served the Debtor with a written Notice of Default and Notice to Cure (the "Default Notice"), demanding that the violations be remedied within fifteen days of service of the notice pursuant to Article 17 of the Lease. The Default Notice advised the Debtor that its failure to cure within the fifteen-day period provided for in Article 17 of the Lease would result in Landlord exercising its rights under Article 17, including terminating the Lease.

7. The Debtor failed to cure the defaults identified in the Default Notice. Accordingly, Landlord served on the Debtor a written Notice of Termination dated October 15, 2021 (the "Termination Notice"). A copy of the Termination Notice, which includes the Default Notice, is

3

annexed as Exhibit B to the Rosenberg Declaration. The Termination Notice notified the Debtor that it was required to quit and surrender the Premises on or before October 25, 2021. The Debtor did not vacate the Premises and remains in possession of the Premises.

8. On November 24, 2021, Landlord filed a Verified Petition, Commercial Holdover (the "Holdover Petition") in the Civil Court of the City of New York, County of New York, Part 52 (the "State Court"), pending under index number LT-307546-21/NY (the "Holdover Proceeding"). A copy of the Holdover Petition is annexed as Exhibit C to the Rosenberg Declaration.

9. In the Holdover Proceeding, Landlord and the Debtor entered into a Stipulation, Order and Judgment dated March 14, 2022 (the "Stipulation"), pursuant to which the Debtor agreed, among other things, to the following provisions:

- the Court's issuance of a judgment of possession directing that a warrant of eviction be issued forthwith, but with execution stayed until June 1, 2022 (Stipulation ¶ 4);

- "waive[ ] any defenses or other rights to seek any relief from [the Stipulation], or any judgment or warrant to be issued pursuant thereby" (Stipulation ¶ 3(b));

- "waive[ ] its right to appeal from or to extend or delay any of the time periods set forth in this Stipulation or to seek a stay from the execution of the judgment or warrant" (Stipulation ¶ 3(c));

- "consent[ ] to the immediate entry of a final judgment of possession in favor of Landlord, awarding to Landlord against Tenant possession of the Premises" (Stipulation ¶ 3(d));

- vacate the Premises prior to May 31, 2022 in broom-clean condition (Stipulation ¶ 7).

A copy of the Stipulation is annexed as Exhibit D to the Rosenberg Declaration. Both counsel for the Debtor and its principal signed the Stipulation on behalf of the Debtor. The Stipulation was so-ordered by the State Court.

4

10. Consistent with the Stipulation, the State Court entered a judgment of possession in favor of Landlord dated March 14, 2022 (the "Judgment"), awarding Landlord possession of the Premises, and ordering a warrant of eviction to issue removing the Debtor from the Premises, with execution of the warrant of eviction stayed until June 10, 2022. A copy of the Judgment is annexed as Exhibit E to the Rosenberg Declaration.

11. Notwithstanding the Debtor's express agreement in the Stipulation to vacate the Premises before May 31, 2022, the Debtor refused to vacate. In fact, on June 14, 2022, the date on which the Landlord was permitted to execute the warrant of eviction, the Debtor sought entry of an order to show cause (the "OTSC") including a temporary restraining order (TRO) that would further extend the stay of execution of the warrant of eviction to July 31, 2022. A copy of the Debtor's affirmations in support of the Debtor's OTSC are annexed as Exhibit F to the Rosenberg Declaration.

12. In her affirmation in support of entry of the OTSC, counsel for the Debtor (who later filed the Debtor's chapter 11 petition) acknowledged that (i) the Debtor signed the Stipulation; (ii) Landlord had obtained a judgment of possession; (iii) a warrant of eviction had been issued; and (iv) the Debtor had been served with a 14-day notice by the City Marshal. *See* Exh. F to the Rosenberg Decl. (Affirmation of Erica T. Yitzhak in Support of Defendant's Order to Show Cause dated June 14, 2022 at ¶¶ 5-8).

13. Notably, Debtor's counsel represented in that affirmation that the Debtor was awaiting inspection by the New York City Fire Department of the kitchen in its "new space" and that Debtor "cannot bear to be closed for a month." *Id.* at ¶ 12.

14. Landlord filed opposition to the OTSC, noting that the Debtor's rent arrearages had ballooned to a whopping *$778,680.92* as of June 14, 2022, that the Debtor had not paid one penny

5

of rent since March 2020 despite receipt of at least $250,000 in PPP Loans, and that at least nine outstanding summonses for violations against the Debtor remained unpaid.[2] A copy of Landlord's opposition to the OTSC is annexed as <u>Exhibit G</u> to the Rosenberg Declaration. Copies of the PPP loan confirmations are annexed as <u>Exhibit H</u> to the Rosenberg Declaration.

15. The State Court declined to enter the OTSC. Significantly, the State Court specifically noted on the proposed OTSC as follows: "Decline to sign in view of terms stated in 3/14/22 so-ordered Stipulation, especially paragraphs 3(A)(B)+(C), and the lack of legal justification to stay execution of warrant." A copy of the OTSC declined to be entered by the State Court is annexed as <u>Exhibit I</u> to the Rosenberg Declaration.

16. Having failed to persuade the State Court to enter the OTSC, the Debtor filed its bankruptcy petition on June 24, 2022, just as the marshal was prepared to execute the warrant of eviction. The Debtor's creditor matrix does not identify any creditors other than Landlord.

17. By this Motion, Landlord respectfully requests the entry of an order granting Landlord relief from the stay, for cause pursuant to section 362(d)(1) of the Bankruptcy Code, to permit Landlord to continue the Holdover Proceeding, execute the warrant of eviction and recover possession of the Premises, and a waiver of any stay pursuant to Bankruptcy Rule 4001(a)(3).

## ARGUMENT

**I. LANDLORD IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY, FOR CAUSE, TO PERMIT LANDLORD TO CONTINUE THE HOLDOVER PROCEEDINGS**

18. Landlord submits that there is sufficient cause to lift the stay to permit Landlord to continue the Holdover Proceeding, execute the warrant of eviction, and regain possession of the Premises.

---

[2] An affiliate of Debtor received an additional $185,000 in PPP loans. *See* Exh. G to Rosenberg Decl.

19.     Section 362 of the Bankruptcy Code provides, in relevant part, that "the court shall grant relief from the stay … for cause." 11 U.S.C. § 362(d)(1). What constitutes "cause" under section 362(d)(1) justifying stay relief is not specifically defined by the Bankruptcy Code and is determined on a case-by-case basis. *See Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285-86 (2d Cir. 1990).

20.     Courts in the Second Circuit (and elsewhere) have considered the following factors when determining if "cause" exists to lift the stay to permit pending litigation to proceed: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re Sonnax*, 907 F.2d at 1286.

21.     All twelve *Sonnax* factors will not be relevant in every case. *See In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994). Only the relevant factors need be considered. *See In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). The court need not assign equal weight to all of the factors. *See id.*; *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992).

7

22.     Here, the relevant *Sonnax* factors weigh heavily in favor of granting relief from the automatic stay; none of the factors militate against it.  Granting relief from the stay to continue litigation of the Holdover Proceeding will facilitate a complete resolution of the disputes among the parties.  The Holdover Proceeding involves solely New York state law claims, which the State Court is well-equipped to adjudicate.  The State Court is a landlord-tenant court specially created to decide landlord-tenant disputes such as ones raised in the Holdover Proceeding.  There is no need to burden this Court by adding to its docket a landlord-tenant proceeding of the sort that the State Court routinely handles.  Resumption of the Holdover Proceeding would not prejudice the interests of other creditors.  The interests of judicial economy and the expeditious and economical resolution of litigation militate in favor of granting this Motion.  In fact, the only issue remaining in the Holdover Proceeding is the execution of the warrant of eviction, which the Debtor has already consented to and has waived its right to contest.

23.     Moreover, in cases specifically addressing relief from the stay to permit a landlord to continue pending prepetition holdover proceedings, courts have found cause to lift the stay on facts similar to those present here—a warrant of eviction has been issued and there is no reasonable possibility that the state court would vacate the warrant of eviction.  *See, e.g., In re Griggsby*, 404 B.R. 83, 93 (Bankr. S.D.N.Y. 2009) (noting that "[t]he prepetition issuance of a warrant may provide 'cause' to terminate the automatic stay pursuant to § 362(d)(1)," and finding cause to vacate the stay because debtor "failed to show grounds upon which the Civil Court would vacate the warrant of eviction"); *In re Syndicom Corp.*, 268 B.R. 26, 46 (Bankr. S.D.N.Y. 2001) (granting landlord relief from stay because there was no pending state court proceeding to vacate the warrant of eviction, and debtor did not show reasonable possibility that the state courts would vacate the warrant of eviction based on prior state court decision denying even a stay of eviction); *In re Éclair*

8

*Bakery Ltd.*, 255 B.R. 121, 136 (Bankr. S.D.N.Y. 2000) (granting landlord stay relief to remove debtor from possession of premises and noting that "where state court litigation is not pending or in the cards, or where the debtor has failed to show any basis for a belief that the state court will grant relief, the prepetition termination of the landlord-tenant relationship will at least normally provide cause for relief from the stay").

24. Here, the Stated Court has already declined to grant relief to even extend the stay of execution of the warrant of eviction. Thus, there is no reasonable possibility that the State Court would vacate the warrant of eviction. Indeed, under the terms of the Stipulation, the Debtor expressly waived its defenses in the Holdover Proceeding to contest the Stipulation and its right to seek to vacate the warrant of eviction. The State Court's enforcement of the terms of the Stipulation against the Debtor strongly indicates that Debtor should be held to consent to entry of the judgment of possession and its agreement to vacate without any further stay or delay.

25. It is respectfully submitted that, under the circumstances, there is more than ample cause within the meaning of 11 U.S.C. § 362(d)(1) to modify the automatic stay to allow the Landlord to continue the Holdover Proceeding, execute the warrant of eviction, and regain possession of the Premises.

II.  **REQUEST FOR WAIVER OF THE
     RULE 4001(a)(3) STAY OF ENFORCEMENT**

26. Landlord seeks relief form the 14-day stay of enforcement of an order granting relief from the automatic stay as provided in Bankruptcy Rule 4001(a)(3). In light of the Debtor's long history of non-payment and its failure to comply with its obligations under the Lease and its promises under the Stipulation, Landlord respectfully submits that Landlord should be permitted to effectuate any relief granted by the Court immediately, without the need to wait an additional 14 days.

9

WHEREFORE, Landlord respectfully requests that this Court enter an order granting Landlord relief from the stay to permit Landlord to continue the Holdover Proceedings to recover possession of the Leased Premises, waiving the 14-day stay of enforcement of the order so that Landlord may proceed with execution of the warrant of eviction forthwith without further notice, and grant Landlord such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 30, 2022

                                            RUBIN LLC

                                            By: */s/ Paul A. Rubin*
                                                  Paul A. Rubin

                                            345 Seventh Avenue, 21st Floor
                                            New York, New York 10001
                                            Tel: 212.390.8054
                                            Fax: 212.390.8064
                                            prubin@rubinlawllc.com
                                            hhuynh@rubinlawllc.com

                                            *Counsel for 32 W. 39th Street Sole Member LLC*

# EXHIBIT A
# (PROPOSED ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |
|---|---|
| In re: | : Chapter 11 |
| PAYAM, INC., | : Case No.: 22-10870 (mg) |
| Debtor. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO**
**PERMIT LANDLORD TO CONTINUE HOLDOVER PROCEEDING**

Upon the motion (the "Motion")[3] of 32 W. 39th Street Sole Member LLC ("Landlord"), pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), for relief from the automatic stay to continue its prepetition state court action to recover possession of the Premises and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and proper and adequate notice of the Motion having been given; and a hearing to consider the Motion having been held before this Court on July 20, 2022, at which counsel for the Debtor and counsel for Landlord appeared and were heard by the Court; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the other proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor; it is

---

[3] Capitalize terms not defined herein shall have the meaning ascribed to them in the Motion.

2

**ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

**ORDERED**, that the stay is vacated to allow Landlord to pursue its rights and remedies under applicable law, including to continue the Holdover Proceedings, execute the warrant of eviction, and regain possession of the Premises; and it is further

**ORDERED**, that the fourteen (14) day stay required under Bankruptcy Rule 4001(a)(3) is hereby waived so that Landlord may proceed forthwith with execution of the warrant of eviction without further notice; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any disputes arising or related to this Order.

Dated:  New York, NY
         [  ], 2022

UNITED STATES BANKRUPTCY JUDGE