**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:

                     PAYAM INC.,                    Chapter 11

                                                 Case No. 22-10870 (MG)

                      Debtor.
---------------------------------------------------------------x

## ORDER GRANTING
## MOTION TO LIFT THE AUTOMATIC STAY

       Pending before the Court is the motion of 32 W 39th Street Sole Member LLC (the

"Landlord") for an order lifting the automatic stay pursuant to section 362(d)(1) of the

Bankruptcy Code and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"). ("Motion," ECF Doc. # 4.) The Landlord

seeks permission to continue its prepetition state court action (the "Holdover Proceeding")

against Payam, Inc. ("Payam" or the "Debtor") under index number LT-307546-21/NY in Civil

Court of the City of New York, County of New York, Part 52 (the "State Court"), to recover

possession of real property located at 32 West 39th Street, New York, New York 10018 (the

"Premises").

       The Motion is supported by a declaration from the Landlord's manager, Aron Rosenberg,

attaching 9 exhibits, including the lease and various pleadings from the Holdover Proceeding that

entered a judgment of possession for the Landlord and refused to further extend a stay of

execution of a warrant of eviction ("Warrant").[1] ("Rosenberg Declaration," ECF Doc. # 5.)

---

[1]     Exhibit A, a lease agreement for the Premises, dated July 1, 2008, entered into between the Landlord and Debtor ("Lease"); Exhibit B, the notice of termination of the lease; Exhibit C, the verified petition filed in the Holdover Proceeding; Exhibit D, the March 14, 2022 stipulation between the Landlord and the Debtor entered into in State Court; Exhibit E, the March 14, 2022 State Court judgement of possession in the Landlord's favor; Exhibit F, the Debtor's June 14, 2022 order to show cause in the State Court to further extend the stay of execution of the warrant of eviction to July 31, 2022 ("OSC"); Exhibit G, the Landlord's opposition to the OSC; Exhibit H, PPP loan

Payam entered into the Lease with the Landlord for a 20-year term commencing on July 1, 2008.  The Debtor occupies the Premises as a restaurant.  The Rent Schedule attached to the Lease provides that the monthly and annual rent escalates over time.  Current monthly rent (July 1, 2022 – July 31, 2023) is $22,688.85.  (Rosenberg Decl., Ex. A at 27 of 83.)

After exhausting its state court rights, Payam filed its chapter 11 case on June 24, 2022 just before the Marshal was about to evict the Debtor from the Premises.

The objection deadline for the Motion was July 13, 2022.  No objection was filed to the Motion, but the Debtor's counsel appeared at the July 20, 2022 hearing.  She argued that the Motion should be denied.  The COVID-19 pandemic, she explained, is the reason the Debtor is unable to pay rent.  The Debtor has not paid any rent since March 2020 and rental arrears now total approximately $800,000.  (Motion ¶ 1.)  Additionally, there are outstanding unsatisfied violations issued by the City of New York.  But both the Debtor and the Landlord have suffered serious economic harm from the pandemic.

*[Remainder of page intentionally left blank]*

---

confirmations indicating that the Debtor had received PPP loans; and Exhibit I, the State Court's order declining to enter the OSC.

The undisputed evidence clearly establishes that the Landlord has met its burden of demonstrating a lack of adequate protection under section 362(d)(1). Consequently, the Motion is **GRANTED,** but the request to waive the stay imposed by Rule 4001(a)(3) of the Bankruptcy Rules is **DENIED.**[2]

**IT IS SO ORDERED/**

Dated:    July 25, 2022
        New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

---

[2] While the grounds for relief from the automatic stay in this case are clear, and, therefore, the Motion is granted, the Motion raises important issues concerning the analysis of motions for relief from stay in cases involving nonresidential leases where New York courts have issued judgements of possession and warrants of eviction before chapter 11 petitions are filed. Therefore, the Court expects to issue an Opinion further explaining the reasons for this ruling.