**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:

        PAYAM, INC.,

                            Debtor.

**FOR PUBLICATION**

Chapter 11

Case No. 22-10870 (MG)

------------------------------------------------------------------x

## MEMORANDUM OPINION EXPLAINING THE ORDER ALREADY ENTERED LIFTING THE AUTOMATIC STAY

*A P P E A R A N C E S:*

RUBIN LLC
*Counsel for 32 W. 39th Street Sole Member LLC*
345 Seventh Avenue, 21st Floor
New York, NY 10001
By: Paul A. Rubin, Esq.

THE YITZHAK LAW GROUP
*Counsel to the Debtor, Payam Inc.*
1 Linden Place, Suite 406
Great Neck, NY 11021
By: Erica T. Yitzhak, Esq.

OFFICE OF THE UNITED STATES TRUSTEE, Region 2
*Representative for the U.S. Trustee*
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
By: Tara Tiantian, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

This chapter 11 case was filed by Payam, Inc. (the "Debtor") on June 24, 2022 (the "Petition Date"), just before a City Marshal was going to execute a warrant of eviction to remove the Debtor from the nonresidential premises located at 32 West 39th Street, New York, New York (the "Premises"), from which the Debtor operated a restaurant. 32 W. 39th Street Sole Member LLC (the "Landlord") moved to lift the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code for cause and to waive the 14-stay imposed on the order by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. ("Motion," ECF Doc. # 4.) The Landlord sought permission to continue its prepetition state court action (the "Holdover Proceeding") against the Debtor under index number LT-307546-21/NY in Civil Court of the City of New York, County of New York, Part 52 (the "State Court"), to recover possession of the Premises. On March 14, 2022, the State Court issued a judgment of possession and a warrant of eviction that was not executed before this chapter 11 case was filed. (Motion ¶ 10.) The Debtor had not paid rent since March 2020, and rental arrears total approximately $800,000. (*Id.* ¶ 1.)

On July 25, 2022, the Court issued an order lifting the automatic stay for lack of adequate protection. ("Order," ECF Doc. # 12.) The Order explained that the Court would issue an Opinion explaining its reasons for the ruling because, "[w]hile the grounds for relief from the automatic stay in this case are clear, and, therefore, the Motion is granted, the Motion raises important issues concerning the analysis of motions for relief from stay in cases involving nonresidential leases where New York courts have issued judgements of possession and warrants of eviction before chapter 11 petitions are filed." *Id.* at 3 n.2.

As discussed below, the change in analysis arises from an amendment of New York Real Property Action and Procedures Law ("RPAPL") § 749(3), which became effective on June 14,

2

2019. The change is important for New York bankruptcy courts addressing lift stay motions for nonresidential New York real property where a warrant of eviction was issued before the bankruptcy case was filed.

*Before* the amendment of RPAPL § 749(3), the issuance of the warrant of eviction, even if execution was stayed, cancelled a nonresidential lease and annulled the landlord-tenant relationship. Therefore, upon the bankruptcy filing, the lease was *not* property of the estate. If the debtor remained in possession of the premises, the possessory interest was sufficient to trigger the automatic stay, which the landlord could and often did seek to vacate. But the bankruptcy court could not reinstate the debtor's leasehold; only the state court could do so. The *best* outcome for the debtor was the automatic stay remaining in place while the debtor returned to state court seeking to have the warrant of eviction vacated and the lease reinstated—often a long shot at best. And unless the lease was reinstated by the state court, the debtor could not assume the nonresidential lease. Under section 365(d)(4) of the Bankruptcy Code, unless the time is extended, the lease must be assumed within 120 days after the petition date or the lease is deemed rejected and the debtor must promptly surrender the premises.

*After* the amendment of RPAPL § 749(3), the issuance of the warrant of eviction no longer cancels the nonresidential lease and annuls landlord-tenant relationship. So, upon the filing of the bankruptcy petition, the lease becomes property of the estate and the automatic stay prevents the landlord from regaining possession unless the stay is lifted. The debtor, if it wishes to assume the lease, must cure any prepetition defaults, or, as more often occurs, negotiate an agreement with the landlord. Motions to lift the stay, then, focus on the usual bankruptcy law issues concerning stay relief (typically, adequate protection) without the debtor having to return to state court to vacate the warrant of eviction.

On the facts of this case, the automatic stay was vacated, and the Landlord has been free to pursue the Debtor's eviction since the Court's issuance of the Order.

## I. BACKGROUND

### A. The Motion to Lift the Stay

The Landlord's Motion was supported by the declaration of Aron Rosenberg, the Landlord's manager. ("Rosenberg Declaration," ECF Doc. # 5.) Annexed to the Rosenberg Declaration were the following: as Exhibit A, a lease agreement for the Premises, dated July 1, 2008, entered into between the Landlord and Debtor (the "Lease"); as Exhibit B, the notice of termination of the lease; as Exhibit C, the verified petition filed in the Holdover Proceeding; as Exhibit D, the March 14, 2022 stipulation between the Landlord and the Debtor (the "Stipulation") entered into in State Court; as Exhibit E, the March 14, 2022 State Court judgement of possession entered in the Landlord's favor (the "Judgment"); as Exhibit F, the Debtor's June 14, 2022 order to show cause in the State Court that sought to further extend the stay of execution of the warrant of eviction to July 31, 2022 (the "OSC"); as Exhibit G, the Landlord's opposition to the OSC in the Holdover Proceeding; as Exhibit H, PPP loan confirmations indicating that the Debtor had received PPP loans; and as Exhibit I, the State Court's order declining to enter the OSC (the "State Court OSC Order").

The objection deadline for the Motion was July 13, 2022. No objections were filed.[1] A hearing was held on July 20, 2022, and the Order granting the Motion was entered on July 25, 2022.

---

[1]  At the hearing, the Debtor's counsel appeared and said she had informally requested more time from the Landlord's counsel to file opposition papers. The Landlord did not agree to an extension.

### B. The State Court Holdover Proceeding

The State Court Holdover Proceeding was filed on November 24, 2021. (Motion ¶ 8.) It was resolved when the Landlord and the Debtor entered into the Stipulation. (*Id.* ¶ 9.) The Debtor agreed to the following:

- the State Court's issuance of a judgment of possession directing that a warrant of eviction be issued with execution stayed until June 1, 2022. (Stipulation ¶ 4.)

- "waive[ ] any defenses or other rights to seek any relief from [the Stipulation], or any judgment or warrant to be issued pursuant thereby." (Stipulation ¶ 3(b).)

- "waive[ ] its right to appeal from or to extend or delay any of the time periods set forth in this Stipulation or to seek a stay from the execution of the judgment or warrant." (Stipulation ¶ 3(c).)

- "consent[ ] to the immediate entry of a final judgment of possession in favor of Landlord, awarding to Landlord against Tenant possession of the Premises." (Stipulation ¶ 3(d).)

- vacate the Premises prior to May 31, 2022 in broom-clean condition. (Stipulation ¶ 7.)

The Stipulation was signed by Debtor's counsel and the Debtor's principal and was so-ordered by the State Court. (Motion ¶ 9.) On March 14, 2022, the State Court entered the Judgment, and the Clerk of the State Court issued the Warrant, with its execution stayed until June 10, 2022. (*Id.* ¶ 10.) However, the Debtor refused to vacate the Premises by the May 31, 2022 deadline. (*Id.* ¶ 11.)

On June 14, 2022, the date for the Marshal to execute the Warrant, the Debtor asked the State Court to enter an OSC and a temporary restraining order that would stay execution of the Warrant. (*Id.*) In the affirmation in support of entry of the OSC, the Debtor's counsel (who also filed the Debtor's bankruptcy petition) acknowledged that (i) the Debtor signed the Stipulation; (ii) the Landlord obtained the Judgment in its favor; (iii) the Warrant was issued; and (iv) the

City Marshal served the Debtor with a 14-day notice.  (*Id.* ¶ 12.)  The State Court declined to enter the OSC due to the Stipulation and noted: "Decline to sign in view of terms stated in 3/14/22 so-ordered Stipulation, especially paragraphs 3(A) (B) [and] (C), and the lack of legal justification to stay execution of warrant."  (*Id.* ¶ 15; *see also* State Court OSC Order.)  The Debtor filed this bankruptcy case before the Marshal could execute the Warrant.  (*Id.* ¶ 16.)

## II.  LEGAL STANDARD

The commencement of a bankruptcy case imposes an automatic stay on "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."  11 U.S.C. § 362(a)(3).  Pursuant to section 362(d), a party in interest can seek relief from the automatic stay.  Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

*Id.* § 362(d)(1).

Although section 362(d)(1) explicitly identifies a lack of adequate protection as cause for stay relief, "there are other bases for a cause finding."  3 COLLIER ON BANKRUPTCY ¶ 362.07[3] (16th ed. 2022).

The relevant language of the current version of RPAPL § 749(3), which applies in this case, provides as follows:

> Nothing contained herein shall deprive the court of the power to stay or vacate such warrant for good cause shown prior to the execution thereof, or to restore the tenant to possession subsequent to execution of the warrant.  In a judgment for non-payment of rent, the court shall vacate a warrant upon tender or deposit with the court of the full rent due at any time prior to its execution, unless the petitioner establishes that the tenant withheld the rent due in bad faith.

N.Y. REAL PROP. ACTS. LAW § 749(3) (McKinney 2022).

6

Before June 14, 2019, RPAPL § 749(3), in relevant part, stated:

> The ***issuing of a warrant for the removal of a tenant cancels the agreement*** under which the person removed held the premises, and ***annuls the relation of landlord and tenant***, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.

N.Y. REAL PROP. ACTS. LAW § 749(3) (McKinney 2018) (emphasis added).

As already explained, this change is important. The statute no longer provides that the issuance of the warrant cancels the leasehold.

Section 365(a) of the Bankruptcy Code permits a debtor to "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365(b)(1) of the Bankruptcy Code permits a debtor to assume an executory contract or unexpired lease that is in default if, at the time of assumption, the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the[debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

*Id.* § 365(b)(1).

At the time the petition is filed, the debtor is required to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." *Id.* § 365(d)(3). The court is permitted to "extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period." *Id.* In this case, the Debtor did not perform its

7

obligation to pay rent from and after the order for relief (i.e., the Petition Date) and did not seek any extension of time to do so.

### III. DISCUSSION

#### A. The Amended RPAPL § 749(3) No Longer Prevents a Bankruptcy Court from Permitting a Debtor to Assume an Unexpired Lease

Under the amended language of RPAPL § 749(3) applicable in this case, the issuance of the Warrant did not terminate the landlord-tenant relationship between the Debtor and the Landlord. Upon the filing of the bankruptcy petition, the Lease became property of the estate. Under section 362(d)(1), the automatic stay could be lifted for "cause, including the lack of adequate protection." 11 U.S.C. § 362(d)(1). Here, the Debtor had not paid any rent since March 2020, with rental arrears totaling approximately $800,000. (Motion ¶ 1.) The Debtor failed to pay post-petition rent from and after the order for relief as required by section 365(d)(3) of the Bankruptcy Code. 11 U.S.C. § 365(d)(3). The Court finds that the Debtor had no prospect of being able to assume the Lease.[2]

The pre-2019 version of RPAPL § 749(3) made clear that the landlord-tenant relationship terminated once a warrant of eviction was issued thereby cancelling the lease agreement. As a result, a bankruptcy court was unable to allow a debtor to assume a nonresidential lease under section 365 of the Bankruptcy Code. As explained by this Court in *In re Sweet N Sour 7th Ave Corp.*, 431 B.R. 63, 67 (Bankr. S.D.N.Y. 2010), under the pre-2019 version of section 749(3), "if a debtor remains in possession after the issuance of a warrant, the debtor retains an equitable

---

[2] The Landlord moved to lift the stay arguing that the *Sonnax* Factors applied and would permit such relief. (Motion ¶ 22.) *See Sonnax Indus., Inc. v. Tri Compoment Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). However, the *Sonnax* Factors are inapplicable because they apply when a movant is moving to continue an underlying state court action involving unadjudicated state law issues. Here, the State Court already issued a judgment of possession following the execution of the Stipulation by the Debtor and the Owner. Because of the amendment of RPAPL § 749(3), the issuance of the Warrant no longer has the effect of the terminating the Lease. The issue of "adequate protection" on which stay relief depends is a bankruptcy law issue.

8

possessory interest in the leasehold sufficient to trigger the protection of the bankruptcy automatic stay." This equitable possessory interest remains despite the termination of the debtor's lease. *Id.* The Second Circuit agreed in *Super Nova 330 LLC v. Gazes*, 693 F.3d 138, 142 (2d Cir. 2012), explaining that "[u]nder New York law, . . . while the issuance of a warrant of eviction cancels any existing lease and seemingly terminates the landlord-tenant relationship, the tenant, in fact, retains a residual interest in the lease until the execution of the warrant." *See also In re Eclair Bakery, Ltd.*, 255 B.R. 121, 133 (Bankr. S.D.N.Y. 2000) (observing that under New York Law the automatic stay applies where a court enters a warrant of eviction and stays its application); *In re W.A.S. Food Service Corp.*, 49 B.R. 969, 972–73 (Bankr. S.D.N.Y. 1985) (concluding that the automatic stay continued in effect to allow the debtor to pursue its remedies in state court). The residual equitable interest in the property was not sufficient, however, to permit the debtor to assume the lease under section 365(d)(2) of the Bankruptcy Code.

But the amendment to RPAPL § 749(3) changes the analysis. The analysis today is much simpler as it is now unnecessary for the bankruptcy court to find an equitable possessory interest because the statute does not terminate the leasehold rights upon the issuance of the warrant of eviction.

The 2019 amendment to the statute has seemingly gone unnoticed. In the years since RPAPL § 749(3) was amended, "multiple [state courts] continue to state that 'It is well-settled law that a warrant of eviction terminates the relationship.'" *See McKinney Supplemental Practice Commentary* (Supp. 2021 (citing *LC Apts. LLC. V. Troyato*, 72 Misc.3d 776, 151 N.Y.S.3d 343 (Sup. Ct. Monroe Country 2021)). This Court was unable to find any decisions from bankruptcy courts in the four New York districts that have addressed the effect of amended RPAPL § 749(3). The effect of this statutory change on bankruptcy law is that New York law no

9

longer prevents a bankruptcy court from permitting a debtor to assume an unexpired lease even after a warrant of eviction has been issued *provided* the debtor can comply with section 365 of the Bankruptcy Code.

As it applies here, the Debtor was obligated by section 365(d)(3) of the Bankruptcy Code to "timely perform all the obligations of the debtor" including those arising under an unexpired lease. 11 U.S.C. § 365(d)(3). In the alternative, the Debtor could have made a motion to "extend, for cause, the time for performance of any . . . obligation that arises within 60 days" of the Petition Date. *Id.* The Debtor did neither of these things.

Additionally, to avoid having the automatic stay lifted, the Debtor was required to provide the Landlord with "adequate protection." It did not do so here.

Lastly, to assume an unexpired lease, the Debtor was obligated to cure any preexisting defaults, or at least provide adequate assurance that it can promptly cure them under section 365(b)(1) of the Bankruptcy Code. *Id.* § 365(b)(1). Here, the Debtor was hopelessly insolvent with rental arrears amounting to approximately $800,000. (Motion ¶ 1.) The Debtor had no realistic ability to cure these substantial prepetition defaults. As such, there was cause to lift the automatic stay.

10

## IV.  CONCLUSION

The Court already entered the Order lifting the automatic stay because of the lack of adequate protection.  This Opinion nevertheless addresses the analysis relevant to future cases in which a bankruptcy petition is filed after a warrant of eviction has already been issued.

Dated:   August 10, 2022
         New York, New York

                                        *Martin Glenn*
                                        MARTIN GLENN
                              Chief United States Bankruptcy Judge